IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| HAROLD WAYNE NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:25-cv-00442 |
| | ) | |
| JONATHAN SKRMETTI, et al., | ) | **JUDGE RICHARDSON** |
| | ) | |
| Defendants. | ) | |

## INITIAL AGREED PROTECTIVE ORDER

To protect the confidentiality of the redacted portions of Tennessee's lethal injection protocol and to facilitate the efficient exchange of information related to this litigation, the Court hereby orders:

**Unredacted Protocol**

1. A protective order governing the redacted portions of Tennessee's lethal injection protocol is necessary to protect the State of Tennessee from oppression and undue burden.

2. Defendants shall produce to Plaintiff an unredacted copy of Tennessee's lethal injection protocol for use in this litigation only. The protections of this Order apply to both the unredacted document itself as well as the contents of the redacted information.

3. The unredacted protocol and its contents shall receive an Attorney's Eyes Only designation.

4. Unless given prior written consent of Defendants, or upon prior order of this Court obtained after notice and briefing by the parties pursuant to Local Rules 37.01 and 7.01, the unredacted protocol or its contents shall not be disclosed to any person other than:

   a. Counsel for Plaintiff, counsel for Defendants, and co-counsel retained for this litigation.

   b. Employees of such counsel.

   c. Experts and consultants retained by Plaintiff or Defendants in this litigation, provided that each expert or consultant shall be shown this Order, informed that this Order applies to them, and further informed that failure to comply with this Order may result in being held in contempt of court. Consultants and experts shown the unredacted protocol shall not be permitted to retain copies.

   d. Testifying witnesses. Any testifying witness may only be shown the unredacted protocol in a deposition at which counsel for Defendants are present. A testifying witness who is shown the unredacted protocol shall be shown this Order, informed that this Order applies to them, and further informed that failure to comply with this Order may result in being held in contempt of court. At the request of Defendants, any portion of the deposition transcript involving the unredacted protocol may be designated Attorney's Eyes Only, subjecting that portion of the transcript to the same protections described in this Order. Testifying witnesses who are shown the unredacted protocol shall not be permitted to retain copies.

   e. The Court, court personnel, and court reporters.

5. Every person receiving the unredacted protocol shall not reveal to or discuss such information with any person who is not entitled to receive such information under this Order.

6. If Plaintiff desires to file redacted portions of the legal injection protocol with the Court, the parties shall confer pursuant to Local Rule 37.01(a) to determine if resolution by agreement is possible. If the parties are unable to reach an agreement and Plaintiff still wishes to file redacted portions of the protocol with the Court, Plaintiff must file a motion to seal the redacted portions of the protocol pursuant to Local Rules 5.03(b) and Local Rule 7.01(a). Defendants shall retain the burden of supporting the request to seal and shall file a response to the motion to seal within fourteen (14) days, in conformance with Local Rules 5.03(b) and 7.01(a)(3).

7. All provisions of this Order shall continue to be binding after the conclusion of this action. Within sixty (60) days after the conclusion of the litigation, Plaintiff shall destroy, obliterate, or redact all copies of the unredacted lethal injection protocol and any portions of deposition transcripts that discussed the unredacted portions of the lethal injection protocol.

8. Plaintiff and Defendants shall use every reasonable effort to maintain the confidentiality of the redacted portions of the lethal injection protocol. This includes, but is not limited to, appropriate electronic security measures, such as access limitation, password protection, and/or encryption.

9. In the event that redacted portions of the protocol are unintentionally disclosed to the public, those portions shall not lose their confidential status.

10. If Plaintiff receives a lawful subpoena, open record request, or similar request from any court in another action that compels the production of the unredacted lethal injection protocol, Plaintiff shall, after a meet and confer required by Local Rule 37.01, request that the Court to modify this order to permit disclosure. Plaintiff's motion shall be served upon Defendants and the subpoenaing party. Both Defendants and the subpoenaing party shall have fourteen (14) days to respond to the motion. Plaintiff may not produce the unredacted lethal injection protocol unless this Court modifies the Limited Agreed Protective Order to permit disclosure.

**All Other Information**

11. Designation

   a. Any party or non-party may designate as "CONFIDENTIAL" any discovery response, document, information, or material which that party or non-party considers in good faith to contain information that would implicate prison security, state confidentiality rules, personal privacy interests (including, but not limited to, personal identifiers and confidential health information), or trade secrets/proprietary information if disclosed to a non-party.

   b. Any party or non-party may designate as "ATTORNEY'S EYES ONLY" any discovery response, document, information, or material if disclosure to a named party would implicate the same interests identified in Paragraph 5(a).

   c. All discovery responses, documents, information, and materials shall be treated as CONFIDENTIAL, whether or not so designated, for a period of fourteen (14) days following their production by a party or non-party. A producing party may designate any discovery responses, documents, information, or materials as

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," within that fourteen (14) day period by notifying all parties in writing and specifically identifying the produced discovery responses, documents, information, or materials.

d. A party or non-party may designate information disclosed during a hearing or deposition as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by indicating so on the record at the hearing or deposition.

e. A party or non-party may designate information disclosed during written discovery as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by indicating so in their response.

f. If a party contends that any discovery responses, documents, information, or materials are not entitled to a "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation, such party may at any time give written notice challenging such designation to the party or non-party who produced the discovery responses, documents, information, or materials.

  i. The designating party shall have fourteen (14) days from the receipt of the written notice to respond unless the Court orders a shorter or longer time.

  ii. The parties must meet and confer in good faith in an effort to resolve by agreement the disputed designation. If the parties cannot resolve the dispute, then the parties may bring the matter to the Court's attention in accordance with Local Rule 22.08.

  iii. All discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be treated as such unless and until the designating party withdraws their designation

in writing or the Court rules that the responses, documents, information, or materials are not entitled to the designation.

12. Unless given prior written consent of the designating party, or upon prior order of this Court obtained after notice and briefing by the parties, information designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

   a. Counsel of record for the parties in this litigation.

   b. Paralegals, investigators, and other such employees of such counsel who are actively supporting counsel of record for the parties in this litigation and to whom disclosure is necessary for purposes of litigation.

   c. Experts and consultants retained by the parties in this litigation.

   d. Testifying witnesses.

   e. The Court and court personnel.

   f. Court reporters.

   g. Named party in the case.

13. Unless given prior written consent of Defendants, or upon prior order of this Court obtained after notice and briefing by the parties, information designated as "ATTORNEY'S EYES ONLY" shall not be disclosed to any person other than:

   a. Counsel of record for the parties in this litigation.

   b. Paralegals, investigators, and other such employees of such counsel who are actively supporting counsel of record for the parties in this litigation and to whom disclosure is necessary for purposes of litigation.

   c. Experts and consultants retained by the parties in this litigation.

   d. Testifying witnesses.

e. The Court and court personnel.

f. Court reporters.

14. Except for individuals identified in Paragraphs 6(a), 6(e), 7(a), and 7(e), every person receiving information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" must complete and attach their signature to the Certification found as Exhibit 1 and agree to be bound by this Order. Each certification of an individual identified in Paragraphs 6(b), 6(c), 6(g), 7(b), and 7(c) shall be maintained and preserved by counsel who received the designated information. Each certification of an individual identified in Paragraphs 6(d), 6(f), 7(d), and 7(f) shall be maintained and preserved by counsel who designated the information.

    a. If an individual's identity would be considered Non-Discoverable Information because of their involvement in the process of executing a sentence of death, they may sign the Certification pseudonymously.

15. Any person receiving material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not reveal to or discuss its contents with any person who is not entitled to receive such information under this Order.

16. Use of information exchanged in discovery shall be limited only to this litigation between the named parties. Any person receiving designated information under the terms of this Order shall not use that information for any other purposes, in any other litigation, or for any other parties.

17. If any party believes they must reveal material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in a court filing, that party shall, after a meet and confer with opposing counsel, request that the Court grant leave to file such information

under seal. Absent an order granting a motion for leave to seal, a party may not file material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" unless this Court modifies this Protective Order to permit the filing or the Court otherwise permits the filing.

18. All provisions of this Order shall continue to be binding after the conclusion of this action. Within sixty (60) days after the conclusion of the litigation, all parties shall destroy, obliterate, or redact all material and any portions of deposition transcripts, filings, or other documents that were designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

19. Plaintiffs and Defendants shall use every reasonable effort to maintain the confidentiality of the material designated "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY." This includes, but is not limited to, appropriate electronic security measures, such as access limitation, password protection, and/or encryption.

20. If the contents of material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" are unintentionally disclosed to the public, that material shall not lose its confidential status. Upon learning of the public disclosure of designated material by any person provided information under this protective order, counsel shall promptly notify the designating party. Such notification shall inform the designating party of the factual circumstances which led to the public disclosure as well as the identities of all individuals known by counsel to have knowledge of the contents of designated material. The parties acknowledge that, should some aspect of material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" become public knowledge via

means not related to a violation of this protective order, the parties anticipate requesting an amendment of this protective order to permit use of that information freely.

21. If any party receives a lawful subpoena from any court in another action, a public records request under any state or federal law, or any other request for documents that compels the production of material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," the party shall, after a meet and confer required by Local Rule 22.08, request that the Court modify this order to permit disclosure. The motion shall be served upon the designating party and the subpoenaing party. Both the designating party and the subpoenaing party shall have at least fourteen (14) days to respond to the motion. The subpoena recipient may not produce the material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" unless this Court modifies the Protective Order to permit disclosure.

22. Inadvertent disclosure shall not constitute a waiver of any applicable privilege or work product protection or affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Entered this ___ day of _____, 2025.

**IT IS SO ORDERED**

_____
JUDGE RICHARDSON

SUBMITTED FOR ENTRY:

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (037504)
Deputy Attorney General
Constitutional Defense Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
*Counsel for Defendant*


/s/ *Luke Ihnen*
LUKE IHNEN (BPR #035190)
Federal Defender Services of Eastern TN, Inc.
800 S Gay Street
Suite 2400
Knoxville, TN 37929-9714
(865) 637-7979

## CERTIFICATE OF SERVICE

I certify that on the 21st day of May, 2025, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following:

**Helen Susanne Bales**
Federal Defender Services of Eastern TN, Inc.
800 S Gay Street
Suite 2400
Knoxville, TN 37929-9714
(865) 637-7979
Fax: (865) 637-7999
Email: susanne_bales@fd.org

**Luke Parker Ihnen**
Federal Defender Services of Eastern Tennessee, Inc.
Capital Habeas Unit
800 S. Gay Street
Suite 2400
37929
Knoxville, TN 37929
865-637-7979
Fax: 865-637-7999
Email: luke_ihnen@fd.org

**Stephen Ferrell**
Federal Defender Services of Eastern Tennessee
800 S. Gay Street
Ste 2400
Knoxville, TN 37929
865-637-7979
Fax: 865-637-7999
Email: stephen_ferrell@fd.org

/s/ *Cody N. Brandon*
CODY N. BRANDON
Deputy Attorney General