IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAROLD WAYNE NICHOLS | ) | |
| | ) | No. 3:25-cv-00442 |
| Plaintiff, | ) | |
| | ) | JUDGE RICHARDSON |
| v. | ) | |
| | ) | **(Execution Set for** |
| JONATHAN SKRMETTI, *et al.* | ) | **December 11, 2025)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

The Plaintiff, Harold Wayne Nichols, through counsel, submits this Motion for injunctive relief under Rule 65(a) of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201–02, and the Eighth and Fourteenth Amendments to the United States Constitution. For support, Mr. Nichols relies on the Expert Report of Dr. Gail Van Norman, Professor Emeritus of Anesthesiology and Pain Medicine at the University of Washington, attached as **Exhibit 1**. For further support, Mr. Nichols shows:

On April 18, 2025—nearly eight months before his scheduled execution—Mr. Nichols filed a Complaint challenging Tennessee's revised lethal injection protocol. *See* Compl. (Doc. 1). After seeking a brief extension of time, (Doc. 22), the Defendants filed a Motion to Dismiss on June 20, 2025, (Doc. 27). Mr. Nichols sought a four-day extension of time and filed his response on July 11, 2025. (Doc. 37). The Defendants

1

again sought a brief extension, (Doc. 35), and filed their reply on July 24, 2025, (Doc. 40).[1]

Mr. Nichols now moves this Court for a preliminary injunction permitting him to pursue his constitutional challenge to Tennessee's revised lethal injection protocol. Specifically, Mr. Nichols moves for a stay of execution for the following reasons:

1. The Defendants have violated Mr. Nichols' rights under the Equal Protection Clause of the Fourteenth Amendment by not extending the Agreement to Mr. Nichols.[2] *See* **Count I**, Compl. (Doc. 1, PageID #29).

2. Mr. Nichols' execution will violate his rights under the Eighth Amendment by forcibly foreclosing any challenge to the Defendants' protocol. *See* **Count II**, Compl. (Doc. 1, PageID #33).

3. The Defendants' protocol violates the Eighth Amendment on its face. *See* **Count III**, Compl. (Doc. 1, PageID #34).

4. The Defendants' protocol violates the Eighth Amendment as applied to Mr. Nichols. *See* **Count IV**, Compl. (Doc. 1, PageID #37).

5. The Defendants have refused to provide any information about the manner or methods it intends to execute Mr. Nichols and he is unable to make an informed decision about his method of execution. *See Kerrigan v. Newport*, Case No. 212096-1, Knox Cnty. Chancery Ct. (Oct. 27, 2025), attached as **Exhibit 2**.

6. The Federal Defender Services of Eastern Tennessee, Inc., as a Community Defender Organization under 18 U.S.C. § 3006A(g)(2)(B), currently has operational funding through November 30, 2025. However, operational

---

[1] Mr. Nichols is mindful of the Court's admonishment that it "remains cognizant of the substance, significance, and time-sensitivity of this case." (Doc. 39, PageID #469). To that end, Mr. Nichols has not deliberately sought to delay the filing of this motion. Instead, he was waiting this Court's decision on the Defendants' Motion to Dismiss. Given the increasing urgency and time leading up to his execution, he files it now.

[2] Because there is no factual dispute, Mr. Nichols believes that his Equal Protection claim can be decided on briefing. However, if the Court decides in its discretion that a hearing is warranted, Mr. Nichols requests an emergency hearing on all grounds.

funding for December 2025 is currently uncertain given the ongoing federal government shutdown.

As explained in the accompanying Memorandum of Law, Mr. Nichols can show a strong or substantial or probability of success on the merits of his claims and relief is warranted. Undersigned counsel contacted counsel for the Defendants' pursuant to Local Rule 7.01(a)(1), who object to this motion.

That Mr. Nichols must seek this extraordinary relief proves the point: Mr. King and Mr. Middlebrooks do not need to seek a stay of their executions because the Defendants have freely given them one. In any event, Mr. Nichols meets the standard for a preliminary injunction and requests that this court enjoin the Defendants from executing him until the resolution of his legal challenges.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By: /s/ Luke P. Ihnen
Luke P. Ihnen, TN BPR No. 035190
Stephen A. Ferrell, TN BPR No. 025170
Susanne Bales, TN BPR No. 017868
Mary M. Kincaid, AZ Bar No. 030837
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999
Luke_Ihnen@fd.org
Stephen_Ferrell@fd.org
Susanne_Bales@fd.org
Molly_Kincaid@fd.org

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, a true and correct copy of the foregoing document was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**/s/ *Patricia McIntosh***
Patricia McIntosh, Paralegal
Capital Habeas Unit
