# EXHIBIT 5

| | | |
|---|---|---|
| **KEVIN BURNS *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CAPITAL CASE** |
| | ) | |
| **v.** | ) | **No. 25-0414-IV** |
| | ) | |
| **FRANK STRADA, et al.,** | ) | **Chancellor Perkins** |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES**

---

Pursuant to Rules 26 and 33 of the Tennessee Rules of Civil Procedure, Defendants Frank Strada and Kenneth Nelsen, each in their official capacities, submit the following responses and objections to Plaintiffs' Fourth Set of Interrogatories.

**PRELIMINARY STATEMENT**

1. Defendants have made a reasonable inquiry into information reasonably available to the Tennessee Department of Correction to respond to the Interrogatories below. Defendants reserve the right to supplement, clarify, revise, or correct their responses and objections to the Interrogatories as discovery progresses. Where privileged information is protected by applicable state laws or rules, the fact that Defendants' response does not specifically delineate a state law or rule shall not be deemed to be a waiver of any applicable privilege.

**OBJECTION TO ALL INTERROGATORIES**

1. Defendants object to the Interrogatories that seek information that is protected from disclosure by the Protective Order issued in this case, the statutes governing the confidentiality of information or by the attorney-client privilege, the deliberative-process privilege, the official documents privilege, the common-interest or joint-prosecution privilege, the work-product

doctrine, and/or any other applicable privilege. Defendants have objected specifically to interrogatories below that explicitly implicate such protections. The inadvertent disclosure of such information subject to any privilege or protection is not intended to relinquish, and shall not be deemed a waiver of, the applicable privilege or protection.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 23**: Identify each person you anticipate calling as an expert witness at the trial of this matter and:

1. state the subject matter on which each expert is expected to testify;
2. state the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion;
3. state the address and phone number of each expert;
4. state the educational background and current occupation of each expert, including a list of all publications authored by each expert in the previous ten years;
5. identify any documents, data, or other information upon which each expert has relied to form his/her opinions;
6. identify any written reports, adopted, prepared and/or signed by each expert; and for the preceding four years, list for each expert each time each expert has testified in court or by deposition, and provide the caption and case number, and a summary of the subject matter of each case.
7. a statement of the compensation to be paid for the study and testimony in this case.

**RESPONSE:** Defendants object to this interrogatory as prematurely demanding disclosure of the identity of any expert witnesses they may use to support their defense before the

time required by the scheduling order entered in this case. Defendants will identify the required information at that time.

**INTERROGATORY NO. 24:** Identify all steps, other than statutory authorization, that would, in your assessment, be necessary in order for TDOC to develop the capacity to perform execution by firearm without a risk of superadded severe pain, terror, or disgrace. Specifically identify:

1. Any necessary changes to any physical building and/or physical space;
2. Whether TDOC presently employs individuals capable of performing execution by firearm in a firing squad setting;
3. All physical equipment necessary;
4. What you believe to be the significant obstacles, if any, to developing the capacity to perform execution by firearm.

**RESPONSE:** Defendants object to this request as vague and ambiguous as to the undefined phrase "develop the capacity" and "significant obstacles." Defendants also object to this interrogatory as overly burdensome.

Defendants have not explored the possibility of using a firing squad, as contemplated by this interrogatory, because the legislature has not prescribed that method of execution. Asking Defendants to determine the physical changes to buildings, the range of physical equipment needed, the personnel involved, and what TDOC officials "believe" to be "significant obstacles" to implementing firing squad for executions is an exercise they have not done, and is not possible when Defendants have not previously conducted an extensive evaluation of the feasibility of that method. Plaintiffs are essentially asking that Defendants do the work of showing infeasibility, shifting the burden away from Plaintiffs from having to show firing squad *is feasible*. Since

Defendants have never been statutorily empowered to explore the options, asking them to do Plaintiffs' work to prosecute their case is unduly burdensome.

Defendants also object to this interrogatory as premature. This is a contention interrogatory, asking for Defendants' stance or contention on a specific legal issue: whether the firing squad is a readily available alternative. Under Tenn. R. Civ. P. 33.02, Defendants should not have to respond to this request until all discovery has been taken.

Defendants are refusing to answer at this time but reserve the right to supplement.

**INTERROGATORY NO. 25:** Identify all execution-related functions performed, since 2017, by the individuals whom you have identified as execution participants in response to Interrogatory No. 8, including whether either of the named individuals was "Drug Procurer." Note that, because you have affirmatively identified the named individuals as execution participants, their specific duties are not protected by the Court's Protective Order.

**RESPONSE:** Defendants object to this interrogatory because it seeks Prohibited Information not subject to disclosure under the Protective Order entered by the Court in this case. The interrogatory plainly asks Defendants to unmask "Drug Procurer" and reveal whether individuals were participants in executions. This request is unduly burdensome because it seeks information that is neither relevant to a claim or defense, nor proportional to the needs of the case.

And this burden is particularly oppressive because such information has no relevance to the current Protocol or TDOC's ability to carry it out in the future. *See West*, 460 S.W.3d. at 131 (claims that a protocol may be carried out in an unconstitutional manner in the future "are hypothetical and speculative and do not constitute a justiciable controversy under the Declaratory Judgments Act.") Indeed, multiple courts have determined that past failures are not relevant to claims challenging the constitutionality of a lethal injection protocol. *See Cooey v. Strickland*, 589

F.3d 210, 224 (6th Cir.2009) ("Speculations, or even proof, of medical negligence in the past or in the future are not sufficient to render a facially constitutionally sound protocol unconstitutional."); *see also Jackson v. Danberg*, 594 F.3d 210, 224-27 (3rd Cir. 2010) (evidence of Delaware's noncompliance with past protocols did not amount to an Eighth Amendment violation).

Defendants also object to this interrogatory because it misstates facts not in evidence—that Defendants identified named individuals as execution participants. Interrogatory No. 8 asks Defendants to identify TDOC officer or employees who faced adverse or corrective action "due to their actions in connection with the implementation of or litigation surrounding the 2018 protocol." Nowhere in the interrogatory nor Defendants' response are any named individuals identified as "execution participants."

Defendants are refusing to answer because of these objections.

**INTERROGATORY 26:** Please explain how the times for the injection of the syringes are recorded—including who records the injection times, whether the recorder record the times contemporaneously with each injection, whether the recorder refers to a timepiece that gives the time in seconds, what is done to ensure that the timepiece is accurate, and whether the recorder rounds up to the nearest whole minute when recording the times.

**RESPONSE:** Defendants object to this interrogatory as vague and ambiguous as to time and scope because Defendants do not know for how long historically Plaintiffs desire to learn "how the times . . . are recorded." Defendants construe the request as seeking an answer only as to the recording of times of injection of chemicals under the 2025 Protocol. Defendants also object because the interrogatory plainly seeks Prohibited Information not subject to disclosure under the Protective Order entered by the Court."

Notwithstanding these objections, the person recording the time of injections enters the time contemporaneously as the syringe begins to be pushed. An atomic clock in the room is the timepiece used to keep the time. A photo showing all the atomic clocks used in the execution unit has been produced at page number Burns_v_Strada_TDOC_001778. The timekeeper ignores the seconds on the clock and does not round the time up or down.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Deputy Attorney General

MARY MCCULLOHS (BPR# 026467)
Senior Assistant Attorney General

DAVID WICKENHEISER (BPR# 040427)
Assistant Attorney General

MATTHEW W. KUBICEK (BPR# 040774)
Assistant Attorney General

SAMANTHA P. MORRIS (BPR# 038178)
Assistant Attorney General

Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
Mary.McCullohs@ag.tn.gov
David.Wickenheiser@ag.tn.gov
Matthew.Kubicek@ag.tn.gov
Samantha.Morris@ag.tn.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was served on this the 14th of October 2025, upon:

Kelley J. Henry
Eli Swiney
Katherine Dix
Drew Brazer
FEDERAL PUBLIC DEFENDER
MIDDLE DISTRICT OF TENNESSEE
810 Broadway, Suite 200
Nashville, TN 37203
Kelly_Henry@fd.org

/s/ *Matthew W. Kubicek*

**DECLARATION**

I swear or affirm that I am providing these responses in my official capacity on behalf of the Tennessee Department of Correction. The interrogatory responses are based on my personal knowledge, along with the assistance and advice of counsel and/or the assistance of employees and representatives in the Department. In providing these responses, I have relied on information provided by the other individuals, which I have reason to believe is true and correct. If the responses are subject to inadvertent or undiscovered errors, then I reserve the right to make any changes in those responses if it appears more accurate information is available. Subject to these limitations, I hereby declare under penalty of perjury that I have read the foregoing Interrogatory Answers and that they are true and correct to the best of my knowledge, information, and belief.

By: [signature]

Jennifer L. Brenner
General Counsel
Tennessee Department of Correction

Date: Oct. 14, 2025